Matter of Nytasia W. (2019 NY Slip Op 00692)





Matter of Nytasia W.


2019 NY Slip Op 00692


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


8293

[*1]In re Nytasia W., A Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency.


Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jessica Miller of counsel), for presentment agency.



Order of disposition, Family Court, New York County (Jane Pearl, J.), entered on or about April 24, 2017, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that she committed acts that, if committed by an adult, would constitute the crimes of assault in the second degree, attempted petit larceny, and menacing in the third degree, and placed her on probation for a period of 14 months, unanimously affirmed, without costs.
The court's finding was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). Appellant's conduct during the attempted robbery was inconsistent with that of a bystander, and established that when appellant assaulted the victim, she shared a community of purpose with participants who had attempted to steal merchandise from the victim's store. This conduct established accessorial liability supporting the count of second-degree assault based on a theory of felony assault, among other things (see e.g. People v Brown, 122 AD3d 461 [1st Dept 2014], lv denied 25 NY3d 1160 [2015]; Matter of Richard G., 95 AD3d 455 [1st Dept 2012]; Matter of Justice G., 22 AD3d 368 [1st Dept 2005]). The court's dismissal of counts charging a completed robbery does not support a contrary conclusion. To the extent appellant's argument in this regard may be viewed as asserting that the court's finding was legally repugnant, that claim is unpreserved and without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK